UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-68-KKC

RALPH W. THOMAS                                                                                    PETITIONER

**MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, WARDEN, ET AL.                                          RESPONDENTS

Ralph W. Thomas, who is currently in the United States Penitentiary-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1]. He has paid the $5.00 filing fee [Record No. 2].

This matter is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (I) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named respondent is Suzanne Hastings, Warden of USP-Big Sandy.

## CLAIMS

The petitioner claims that the respondent has violated his right to due process of law under the Fifth Amendment and his right, under the Eighth Amendment of the United States Constitution, to be free from cruel and unusual punishment. The petitioner alleges that due to false and misleading information contained in his Inmate Central File ("ICF"), his prisoner classification has been adversely impacted. He alleges that as a result of the false information, the Bureau of Prisons ("BOP") has imposed unnecessarily harsh restrictions on him.

## ALLEGATIONS OF THE PETITION

As noted, the petitioner is confined in USP-Big Sandy, but he does not inform the Court when he was transferred to USP-Big Sandy. While not entirely clear from the petition, it appears that the petitioner was transferred to USP-Big Sandy from USP-Lompoc, California. The petitioner states only that in 2001, after being transferred from USP-Atlanta to USP-Lompoc, he learned that Willie Scott, the Warden of USP-Atlanta, had submitted false information in his ICF.[1]

According to the petitioner, Warden Scott's entries in his ICF allege that while he (petitioner) had been confined in USP-Atlanta, he had been involved in an escape attempt.[2] The petitioner

---

[1] Given the fact that the petitioner made this discovery in 2001, he does not state if he has filed any type of previous § 2241 petition.

[2] The petitioner states that Warden Scott made the following entries in his ICF:

(1) "Records from the escape in South Carolina in 1981 that never occurred nor was there a guilty finding of."

(2) "The two alleged escape attempts from USP Atlanta, Ga. in which there was never a guilty finding of."

(3) "Inciting a riot in USPTerre Haute in 1982, in which there was never a guilty finding of."

[Petition, p. 4]

disputes Warden Scott's allegations and states that although he received three incident reports, he at no time appeared before any disciplinary committee or disciplinary hearing officer ("DHO") at USP-Atlanta for formal disposition of the charges. He states that because the allegations were placed in his ICF, he was placed on the "Two Hour Watch" for eight years.

He alleges that BOP regulations mandate that "expunged" records (incident reports) may not be used in any way to adversely affect an inmate, and that they must be removed from the inmate's records. Petitioner complains that despite the absence of a conviction by a disciplinary committee or a DHO, the disputed allegations regarding the alleged "escape plot" are still of record in his ICF.

Petitioner claims that as a result of these allegations being in his ICF, he has: (1) been classified in a higher custody level than he should have been; (2) been denied certain housing assignments; (3) been denied certain prison job placements; (4) experienced difficulty in participating in prison programs, such as rehabilitative programs; (5) been transferred 2,500 miles from his region; and (6) lost the ability to pay off his restitution. The petitioner further anticipates that as a result of the allegations remaining in his ICF, he will most likely be denied placement in either a medium custody facility or in a halfway house.

## RELIEF REQUESTED

The petitioner seeks injunctive relief in the form of an order directing the BOP to: (1) remove from his ICF the complained-of entries regarding his alleged escape attempts; (2) adjust his classification level; (3) transfer him to another federal correctional facility equal to or below the adjusted security level; and (4) provide him with his records to enable him to determine if he can take further legal action against the BOP for violating his constitutional rights.

## DISCUSSION
### 1. Exhaustion Required

Prisoners who seek relief under 28 U.S.C. §2241 are required to exhaust judicially created administrative remedies before filing a habeas action in district court. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)); *Sesi v. United States Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950 (6th Cir. (Mich.) December 7, 2000) (Table) (Unpublished Deposition) (a federal prisoner must first exhaust his available administrative remedies before filing a §2241 petition); *United States v. Oglesby*, 52 Fed. Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)).

The administrative remedies for federal prisoners bringing a 28 U.S.C. §2241 petition are set forth in 28 C.F.R. §§542.10-16 (1997). Section 542.13(a) demands that an inmate first informally present his complaint to the staff (BP-8 form) before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint with staff, then he may submit to the warden a formal written complaint (BP-9) within fifteen (15) calendar days of the date on which the basis of the complaint occurred. §542.13(b).

An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. 28 C.F.R. §542.15.

The BOP's response times are established in 28 C.F.R. §542.18. "Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." *Id.*

## 2. Insufficient Exhaustion Efforts

The petitioner has attached documents to his submission which indicate that he undertook some of the requisite administrative remedies. The attached documents are as follows:

1. **#348549-F1**: Warden B.G. Compton's September 24, 2004 Response and Denial of the petitioner's BP-9 "Request for Administrative Remedy";

2. **#348549-R1**: J. E. Gunja's (BOP's Regional Director) December 2, 2004 Response and Denial of the petitioner's BP-10 appeal;

3. Petitioner's December 30, 2004 BP-11 Appeal to the BOP's Central Office;

4. **#348549-A2**: the BOP Central Office's March 16, 2005 Rejection Notice of the petitioner's BP-11 appeal.

The Central Office's March 16, 2005 Rejection Notice was based upon the petitioner's failure to submit a complete set (4 carbonized sheets) of the Request (BP-9) or Appeal (BP-11) form. The Central Office informed the petitioner that he had fifteen days from the date of the Rejection Notice in which to resubmit his BP-11 appeal. With regard to his BP-11 appeal, the petitioner states only as follows:

> "As an initial matter, Petitioner's administrative remedy to Central Headquarters staff, although timely filed by Petitioner on December 30, 2004, Central Headquarters staff, nor Bureau staff timely provided Petitioner with the rejection."

[Petition, p.1]

The petitioner states that he did not receive the March 16, 2005 Rejection Notice from the Central Office until some five months later, on August 10, 2005. He offers no explanation for the alleged delay in receipt. The Rejection Notice listed the petitioner's address at USP-Lompoc. If the petitioner had been transferred on or about March 16, 2005, the erroneous address might account for the delay in receipt; but again, the petitioner does not advise the Court as to the date on which he was transferred from USP-Lompoc to USP-Big Sandy.

Simply put, the petitioner has failed to demonstrate either that he complied with the Rejection Notice upon its receipt on August 10, 2005, or that he had a valid reason (such as having been transferred on or about March 16, 2005) excusing his compliance with the Rejection Notice-- *either at the time it was issued or at the time he received it*. The petitioner did not attach any documentation indicating that he resubmitted his BP-11 appeal at any time after August 10, 2005. He did not file the instant §2241 petition until seven months later, on March 21, 2006.

The petitioner is advised of two additional matters. First, even if he were to file a new action challenging his custody classification and issues relating to transfers, his chances of prevailing would be almost non-existent. Well-settled law establishes that with regard to prison transfers and classification status, prisoners have no constitutional entitlement to invoke due process claims. *Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976) (inmates have neither protected liberty interests nor property interests in custodial classification). Rather, the Attorney General of the United States has delegated those discretionary decisions to the Director of the BOP, which has a classification procedure. 18 U.S.C. §4081; 28 C.F.R. §0.96. *See e.g.*, *Peck v. Hoff*, 660 F.2d 371 (8th Cir. 1981). Congress has given federal prison officials full discretion to control the conditions of confinement.

Second, to the extent that the petitioner complains about his Eighth Amendment rights having been violated by acts of prison officials, those claims would actually fall under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[3]  Those claims would not fall under the purview of the habeas corpus statute, 28 U.S.C. §2241.  In the event the petitioner elects to file a complaint in the future to assert those claims (assuming that he can demonstrate full administrative exhaustion of the claims), the filing fee for a *Bivens* action is $350.00.  Even if the petitioner is granted *in forma pauperis* status, the fee would still be $350.00

### CONCLUSION

Accordingly, the Court being sufficiently advised, it is **ORDERED** as follows:

(1)   Petitioner Ralph W. Thomas' petition for writ of habeas corpus is **DENIED**.

(2)   This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 27th day of April, 2006.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**

---

[3]To establish a right to relief under *Bivens*, the plaintiff must plead and prove two essential elements.  First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States.  Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.